IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERICO MATIAS CRUZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22 C 1858 |
| ) | |
| JUAN SALGADO, Chancellor, ) | |
| City Colleges of Chicago, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS

Jerico Matias Cruz has filed a *pro se* lawsuit against Juan Salgado, Chancellor of the City Colleges of Chicago, in his official capacity. Mr. Cruz's suit is effectively against City Colleges. He sues under the Rehabilitation Act, 29 U.S.C. § 794(a), claiming that City Colleges failed to reasonably accommodate his disability in connection with his attendance as a student. City Colleges has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In considering the motion, the Court reads Mr. Cruz's complaint liberally and takes his well-pleaded factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Cruz's complaint includes a good detail of background that is immaterial to his claim against City Colleges, which the Court will leave to the side in summarizing the claim. Mr. Cruz is a U.S. Army veteran. He received a bachelor's degree from Northeastern Illinois University in 2009 and an associate degree from City Colleges in 2015. He returned to City Colleges in 2021 to take additional undergraduate courses in anticipation of pursuing an advanced degree.

Mr. Cruz enrolled in a course at Wright College called Engineering Physics II, having completed the prerequisites for that course at various points during his education. The course began on August 31, 2021. However, Mr. Cruz says, "his medical and legal situation and other unexpected circumstances"—which his complaint does not describe—caused him to fall behind. On September 22, 2021, he sent the Dean of Student Services an email in which he appears to request an "ADA/DAC" accommodation, though the email isn't particularly clear on what Mr. Cruz was looking for. He said he had "missed assignments and quizzes, attendance, and participation" in the class; referenced being a veteran with service-connected disabilities; said he had been hospitalized at the start of the semester; and "ask[ed] for help to make up the missing days, including assignments and quizzes, maybe participation in [the Engineering Physics II] class." Compl., Ex. B.

Less than three weeks later, on October 12, 2021, the "ADA/DAC Coordinator" sent the class professor an accommodation plan for Mr. Cruz, approving extra time on tests, quizzes, and assignments, allowing him to record classes, providing him a separate, distraction-reduced area for testing, and allowing him flexibility on due dates when he had to miss class due to medical disability. Mr. Cruz appears to allege—though it's not clear—that this was too little, too late. *See* Compl. ¶ 57. He received a non-passing grade on the final examination (24 percent) and as a result received a grade of "D" for the class. Mr. Cruz appealed the grade, but the appeal was denied. He alleges that this has held up his progress toward obtaining an advanced degree.

To sustain a claim under section 504(a) of the Rehabilitation Act, 29 U.S.C. § 794(a), a plaintiff must establish that he is a handicapped individual as defined by the

2

Act; he was "otherwise qualified" for participation in a program; the program received federal financial assistance; and he was denied the benefits of the program solely because of his handicap. *See, e.g., Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 484 (7th Cir. 2019).[1]

In this case, it appears that Mr. Cruz's claim is based on a failure to provide reasonable accommodations, as opposed to a claim of affirmative discrimination based on his disability. The Rehabilitation Act does not contain an express accommodation requirement, but the Supreme Court and Seventh Circuit have made clear that "a refusal to modify an existing program might become unreasonable and discriminatory," and "reasonable accommodations in the . . . program . . . may have to be made." *Alexander v. Choate*, 469 U.S. 287, 300, 301 (1985) (quoted in *Reed*, 915 F.3d at 484). To sustain a failure to accommodate claim specifically, the plaintiff must plausibly allege that he was a qualified individual with a disability; the defendant knew about his disability; and the defendant failed to reasonably accommodate the disability. *See Gilfillan v. Bradley Univ.*, 854 F. App'x 729, 731 (7th Cir. 2021).

The Court focuses on the third requirement, because there is no indication that the relevant personnel at City Colleges were aware of his disability or need for accommodations before he asked for an accommodation in the aforementioned email. Mr. Cruz's complaint itself establishes that he was granted accommodations when he asked for them, and he does not plead facts plausibly alleging how or why those accommodations were insufficient. And the attachments to Mr. Cruz's complaint indicate that the course professor offered him tutoring but that he did not show up for at

---

[1] "Handicap" is the term used by the Seventh Circuit in *Reed*.

least some of the scheduled video tutoring sessions. And with regard to the final examination, Mr. Cruz's complaint contains no allegation that it was misgraded, that he was not given the exam-related accommodations that City Colleges offered, or that he was otherwise entitled to have the exam graded higher based on his disability.

For these reasons, the Court dismisses the complaint for failure to state a claim. The Court will give Mr. Cruz an opportunity to file an amended complaint to overcome the deficiencies in the current version. But there are two major caveats. First of all, any proposed amended complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint include a "short and plain statement" of the plaintiff's claim. Mr. Cruz's submissions tend to include elaborate chronologies of extraneous background events and the procedural history of this lawsuit, as well as lengthy recitations of supposedly applicable procedural and legal requirements. He should omit this sort of extraneous detail in any proposed amended complaint (if he includes this despite the Court's admonition, the Court may strike the proposed amended complaint as noncompliant with Rule 8(a)(2)). Second, any proposed amended complaint needs to focus on exactly what Mr. Cruz contends City Colleges did or failed to do that he claims violated the law—among other things, what accommodations he contends he should have gotten but did not, and how any failure to accommodate impacted the outcome of the course in question.

Mr. Cruz is given until January 8, 2024 to file a motion for leave to amend that includes a proposed amended complaint. A telephonic status hearing is set for January

11, 2024 at 8:50 AM, using call-in number 888-684-8852, access code 746-1053.

Date:  December 17, 2023

                                                                                   _____
                                                                                      MATTHEW F. KENNELLY
                                                                                      United States District Judge